```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 27, 2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOEL TAPIA,

                      Petitioner-Defendant.

   -against-

UNITED STATES OF AMERICA,

                      Respondent.
----------------------------------------------------------X

17-CR-512 (KMW)
23-CV-10601 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Petitioner Joel Tapia moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] (Pet'r's Mot. ECF No. 758.) The Government opposes the Petition. (Gov't Opp'n, ECF No. 764.) For the reasons that follow, Tapia's motion is DENIED.

## BACKGROUND

Tapia is currently serving a 188-month sentence for conspiring to distribute narcotics, in violation of 21 U.S.C. §§ 846 and 846(b)(1)(A). (J. at 1–2, ECF No. 705.) Tapia was arrested on August 22, 2017, in connection with his involvement in the Guillen Drug Trafficking Organization ("DTO"). (Presentence Investigation Report ("PSR") ¶¶ 10, 25, 27, ECF No. 711.) The DEA began investigating the DTO during August 2016, (*see id.* ¶ 10), and the DEA

---

[1] Tapia filed an initial motion to review his sentence pursuant to 18 U.S.C. § 3742. (Mot. Sent'g Review, ECF No. 744.) The Court informed Tapia that his motion was procedurally deficient. (Order, ECF No. 745.) Because Tapia was proceeding *pro se,* however, the Court construed Tapia's motion as a motion to vacate pursuant to 28 U.S.C. § 2255 and provided Tapia 60 days to consent to the Court's treating his motion as a motion to vacate pursuant to 28 U.S.C. § 2255. (*Id.* at 2–3.) In a supplemental brief, Tapia consented to treating his motion pursuant to 28 U.S.C. § 2255 and he included additional arguments. (Pet'r's Suppl. Br., ECF No. 755.) Tapia's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was then filed on December 5, 2023. (Pet'r's Mot.)

uncovered that Tapia (1) dealt cocaine, crack and heroin supplied by the DTO, and (2) helped the DTO prepare and package crack and heroin. (*Id.* ¶ 25.)

On May 14, 2019, Tapia was charged with three counts on a superseding indictment. (*Id.* ¶ 1; Superseding Indictment (S3), ECF No. 407.) Count One charged Tapia with conspiring to distribute and possess with intent to distribute one kilogram or more of heroin; five kilograms or more of cocaine; and 280 grams or more of crack, in violation of 21 U.S.C. §§ 841 (b)(1)(A) and 846.[2] (Gov't Opp'n at 1.) Tapia proceeded to a jury trial in front of this Court. During the two-week trial, the Government's evidence included (1) testimony from a cooperating witness and co-conspirator, (2) ledgers detailing the quantities of drugs that the DTO provided to its members and customers, and (3) wiretapped calls that included Tapia and others discussing the DTO's operations. (*See id* at 2.) On June 27, 2019, the jury found Tapia guilty pursuant to only Count One. (PSR ¶ 6.) The jury found Tapia guilty for conspiring to distribute (i) heroin, in an amount of at least 100 grams but less than one kilogram; (ii) cocaine, in an amount of at least five kilograms; and (iii) cocaine base, also known as crack or crack cocaine, in an amount less than 28 grams. *United States v. Tapia,* No. 21-CR-1674, 2023 WL 2942922, at *1 (2d Cir. Apr. 14, 2023) (summary order).

At sentencing, the Court found that Tapia was responsible for conspiring to distribute and possess with intent to distribute (i) at least one kilogram of heroin; (ii) at least seven kilograms of cocaine; and (iii) at least 280 grams of crack. (Sent'g Tr. at 29:1–5, ECF No. 709; Gov't Sent'g Sub. at 3–4, ECF No. 591.) In making its determination regarding for which drug

---

[2] Count Two charged Tapia with using, carrying and possessing firearms and aiding and abetting the same in relation to the drug trafficking offense charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Count Three charged Tapia with possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (PSR ¶¶ 1–4.) The jury acquitted Tapia on Counts Two and Three. (*Id.* ¶ 6.)

quantities Tapia should be held responsible, the Court considered the testimony of a cooperating witness, drug ledgers, and wiretap recordings. (Sent'g Tr. at 29:1–8.) The Court sentenced Tapia to 188 months' imprisonment, followed by five years of supervised release. (J. at 2–3.)

On July 7, 2021, Tapia appealed his sentence and conviction. On appeal, Tapia, represented by counsel, argued that the Court erroneously relied on acquitted conduct at sentencing. *Tapia*, 2023 WL 2942922, at *1. In addition, Tapia, in a *pro se* filing, argued that (1) the court erred in reading the indictment into the jury instructions, and (2) the jury instructions constructively amended the indictment. *Id.* The Second Circuit affirmed Tapia's conviction. *Id.* at *4. Tapia petitioned for a rehearing *en banc,* which the Second Circuit denied. The mandate was issued on June 7, 2023. (Mandate of USCA, ECF No. 743; Gov't Opp'n at 3.)

On December 5, 2023, Tapia moved *pro se* to vacate his sentence pursuant to 28 U.S.C. § 2255. (Pet'r's Mot.) The government opposed the motion, (Gov't Opp'n), and Tapia filed a reply. (Pet'r's Reply, ECF No. 765.)

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may move to "vacate, set aside, or correct [his] sentence" if he believes his "sentence was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(a). A petitioner may raise an ineffective assistance of counsel claim in a § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 508–09 (2003); *United States v. DeLaura*, 858 F.3d 738, 743–44 (2d Cir. 2017). Section 2255 requires a court to grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

To prevail on a claim of ineffective assistance of counsel a Plaintiff must show that (1) his "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms," and (2) he was "prejudiced" by his counsel's deficient performance. *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). When considering the first prong, courts "strongly presume [ ] [that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment[.]" *Jackson v. Conway,* 763 F.3d 115, 152 (2d Cir. 2014) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)). With respect to the second prong, courts consider whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 153 (quoting *Strickland*, 466 U.S. at 694.)

Where, as here, a petitioner's collateral challenge is based on constitutional claims, the "so-called mandate rule bars re-litigation of issues already decided on direct appeal." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). Pursuant to the mandate rule, "[w]hen an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012) (quoting *Doe v. N.Y. City Dep't of Soc. Servs*., 709 F.2d 782, 788 (2d Cir. 1983)). Absent an intervening change in law or circumstance, the mandate rule bars Section 2255 petitioners from re-litigating matters expressly or impliedly "resolved by the appellate court's mandate." *Yick Man Mui*, 614 F.3d at 53. In addition, "ineffective assistance claims in a Section 2255 proceeding" are precluded "when the factual predicates of those claims, while not explicitly raised on appeal, were nonetheless impliedly rejected by the appellate court mandate." *Id*. at 153–54 (citing *United States v. Pitcher,* 559 F.3d 120, 124 (2d Cir. 2009)).

# DISCUSSION

Tapia alleges that defense counsel was ineffective because he failed to object to (1) the reading of the indictment as part of the jury instructions; (2) the drug quantities the Court used at sentencing to calculate Tapia's Guidelines range; and (3) the alleged constructive amendment of the indictment.[3]  (Pet'r's Mot. at 9–23.)  In addition, construed liberally, Tapia alleges that the indictment was constructively amended or varied when he was convicted of conspiring to violate 21 U.S.C §§ 841(a)(1) and 841(b)(1)(a).[4]   (Mot. Sent'g Review at 2; *See* Gov't Opp'n at 7.) Before turning to the merits of Tapia's motion, the Court addresses whether a hearing is necessary.

## I. No Hearing is Required to Rule on Tapia's Section 2255 Motion

Section 2255 requires a court to grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).  Based on the parties' submissions, the Court finds that no hearing is required.  The record—consisting of trial and sentencing transcripts, the PSR, the parties' sentencing submissions, and the parties' briefings in response to Tapia's Section 2255 petition—is sufficient to dispose of Tapia's claims, as discussed, *infra*.  Because additional testimony would not clarify

---

[3] The underlying factual predicates for each of Tapia's ineffective assistance of counsel claims were asserted and rejected on direct appeal by the Second Circuit.  *See generally Tapia*, 2023 WL 2942922.  There is case law holding that habeas petitioners are barred from pursuing ineffective assistance of claims that are "simply a slightly altered rearticulation of a claim that was rejected on [ ] direct appeal."  *See Beras v. United States*, No. 5-CV-2678, 2013 WL 1155415, at *13 (S.D.N.Y. Mar. 20, 2013) (Scheindlin, J.) (quoting *Riascos-Prado v. United States*, 66 F.3d 30, 34 (2d Cir. 1995)).  Despite this, the Second Circuit has expressed a preference for resolving ineffective assistance of claims pursuant to *Strickland's* two-pronged analysis when there is overlap between the mandate rule and the prejudice prong of an ineffective assistance of counsel claim.  *See Shapiro v. United States*, 828 F. App'x 82, *83 n. 1 (2d Cir. 2020) (summary order).  Thus, notwithstanding the mandate rule, the Court will resolve each of Tapia's ineffective assistance of counsel claims on the merits.

[4] Tapia did not raise this charge in his supplemental brief, or habeas petition. (*See* Pet'r's Mot; Pet'r's Suppl. Br.) Because the Court liberally construes *pro se* motions, the Court will evaluate Tapia's claim that the indictment was constructively amended, and his claim that counsel was ineffective for failing to object to the constructive amendment together.

5

or meaningfully add to the record, the Court concludes that the parties' written submissions are sufficient to decide Tapia's motion, and that no hearing is required. This "avoid[s] the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government . . . that would have resulted from a full testimonial hearing." *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001).

## II. Tapia's Claim that Defense Counsel was Ineffective for Failing to Object to the Reading of the Indictment During the Jury Instructions is Meritless

Tapia contends that defense counsel was ineffective for failing to object to the reading of the indictment during the jury instructions. (Pet'r's Mot. at 11.) Tapia argues that reading from the indictment during the jury instructions prejudiced the jury against him because the instructions described what Tapia "did" rather than what he was "alleged" to have done. (*Id.* at 11–14.) Tapia argues that this instruction impermissibly shifted the burden of proof and denied him the presumption of innocence to which he was entitled at trial. (*Id.* at 5.)

On direct appeal, the Second Circuit found that the Court adequately informed the jury that (1) it was quoting the indictment, (2) the government's burden of proof was beyond a reasonable doubt, and (3) the indictment was a "mere accusation with no evidentiary weight." *Tapia*, 2023 WL 2942922, at *3–4. Accordingly, the Second Circuit rejected Tapia's argument that the Court erred in reading the indictment as part of the jury instructions. *See id.* at *4 ("While Tapia claims that [] reading [the indictment] caused the jury to presume his guilt, he fails to explain how or why the jury would have disregarded the court's clear instructions that the indictment was not evidence.").

Even if Tapia's claim were not barred by the mandate rule, *see* n. 3, *supra,* Tapia cannot establish that defense counsel was ineffective for failing to object to the reading of the

6

indictment during the jury instructions.  To support a claim of ineffective assistance of counsel, Tapia is required to show a reasonable probability that but for defense counsel's failure to object to the reading of the indictment during the jury instructions, the jury would not have convicted him on the count for which it found him guilty.  *Bennett v. United States*, 663 F.3d 71, 88 (2d Cir. 2011).  Tapia has failed to do so because, as described above, his argument that reading the indictment during the jury instructions prejudiced the jury against him is a meritless claim.  Thus, there is no basis for the Court to find that defense counsel was ineffective for failing to object to the jury instructions.  *United States v. Regalado*, 518 F.3d 143, 151 n. 3 (2d Cir. 2008) ("[F]ailure to make a meritless argument does not amount to ineffective assistance [of counsel].") (citation omitted).

### III. Tapia's Claim that Defense Counsel was Ineffective for Failing to Object to the Drug Quantities Used by the Court at Sentencing is Meritless

Tapia contends that defense counsel was ineffective for failing to object to the drug quantities used by the Court at sentencing to calculate his Guidelines range.  (Pet'r's Mot. at 15.)  First, on appeal, the Second Circuit rejected Tapia's argument that the Court erred in considering acquitted conduct at sentencing.  *Tapia*, 2023 WL 2942922, at *2–3.  The Second Circuit found that the Court's findings at sentencing were supported by a preponderance of the evidence.  *Id.* at *3.

Even if Tapia's claim were not barred by the mandate rule, *see* n. 3*, supra,* Tapia cannot establish that defense counsel was ineffective for failing to object to the drug quantities used by the Court at sentencing in calculating his Guidelines range.  It is well-settled law that sentencing courts may consider acquitted conduct at sentencing if it has been proven by a preponderance of evidence.  *United States v. Watts*, 519 U.S. 148, 157 (1997).  At sentencing, the Court evaluated

the evidence on the record, including: (1) the testimony of Mr. Rivera, a cooperating witness; (2) the drug ledgers kept by Gabriel Guillen, the leader of the DTO; and (3) wiretap recordings. (Sent'g Tr. at 29:1–5.)  The Court considered this evidence in determining the drug quantities for which Tapia was responsible.  *See United States v. Kirk Tang Yuk*, 885 F.3d 57, 76 (2d Cir. 2018) (explaining that district courts at sentencing may find that drug conspiracies involved a greater quantity of drugs than were the basis for a jury conviction.)

For the reasons stated above, Tapia's argument that defense counsel was ineffective for failing to challenge the use of acquitted conduct at sentencing is meritless.[5]

### IV.    Tapia's Constructive Amendment Claim Is Meritless

Tapia contends that the jury instructions constructively amended the indictment and that defense counsel was ineffective for failing to object to the alleged constructive amendment.[6] (S*ee* Mot. Sent'g Review; Pet'r's Mot. at 20–23).  To prevail on a constructive amendment claim, Tapia must show that the evidence or jury instructions "so altered an *essential element* of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Dove*, 884 F.3d 138 (2d Cir. 2018) (quoting *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir. 2003) (emphasis in original)).

---

[5] Although this Court is bound by precedent in its decision, the Court notes that the use of acquitted conduct to determine sentencing is currently being reconsidered by the Sentencing Commission, and has been questioned by jurists, including Supreme Court Justices.  *See e.g., McClinton v. United States*, 143 S. Ct. 2400, 2401 (2023) (Sotomayor, J., respecting the denial of certiorari) ("As many jurists have noted, the use of acquitted conduct . . . raises important questions that go to the fairness and perceived fairness of the criminal justice system."); *see also Tapia,* 2023 WL 2942922, at n.2 ("While we are bound by precedent in deciding the case before us, we note that several justices and judges have presented a strong case for reconsidering the use of acquitted conduct to determine sentencing.") (collecting cases).
[6] Tapia's additional claim that the Court did not set out all the essential elements referenced in the conspiracy charge (*See* Mot. Sent'g Review at 2), is also meritless because the Court explained the elements of the offense during the jury instructions.  *See Tapia,* 2023 WL 2942922, at *3.

On appeal, the Second Circuit rejected Tapia's argument that the jury instructions constructively amended the indictment. The Second Circuit reasoned:

> The indictment alleged that Tapia conspired to violate the substantive offense of Section 841(a)(1), which lays out the relevant prohibited acts, and invoked Section 841(b)(1)(A), which provides the penalties associated with the quantities for which Tapia was charged. In other words, Section 841(a)(1) provides the offense element of the Section 846 conspiracy charged under Count One, and Section 841(b) describes the quantity element and related penalties.

*Tapia*, 2023 WL 2942922, at *4. Tapia was given notice of the "core of criminality to be proven at trial," and the jury instructions "did not modify [the] essential elements of the offense charged such that Tapia was convicted of conduct not disclosed by the indictment." *Id*. (quoting *United States v. D'Amelio,* 683 F.3d 412, 416–17 (2d Cir. 2012) (internal quotation marks omitted). Because Tapia offers only the same, or a slightly altered, argument in his present § 2255 motion, his claim that the jury instructions constructively amended the indictment is barred by the mandate rule.[7] *Yick Man Mui*, 614 F.3d at 53.

Even if Tapia's claim of ineffective assistance of counsel were not barred by the mandate rule, *see* n. 3, *supra,* it fails. As noted above, his argument that the jury instructions constructively amended the indictment is without merit. *See* e.g., *McIntosh v. United State*s, No. 13-CR-487, 2021 WL 1124722, at *4 (E.D.N.Y. Mar. 24, 2021) (dismissing defendant's argument that defense counsel was ineffective for failing to object to the alleged constructive amendment when the court found that the constructive amendment argument was without merit).

---

[7] Tapia argues that the inclusion of 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 841(a)(1) represents a constructive amendment or variance. (*See* Mot. Sent'g Review at 2.) The Second Circuit already rejected this argument, explaining that the indictment alleged that Tapia conspired to violate the substantive offense of Section 841(a)(1), which invoked Section 841(b)(1)(a). *Tapia*, 2023 WL 2942922, at *4. Thus, Tapia's argument that the inclusion of 21 U.S.C. § 841(a)(1) represents a constructive variance is barred by the mandate rule. *Pitcher*, 559 F.3d at 124 (citation omitted) (holding that a habeas petitioner cannot circumvent the mandate rule by offering "a slightly altered rearticulation of a claim that was rejected on his direct appeal").

## CONCLUSION

For the foregoing reasons, Tapia's motion is DENIED.  Because Tapia has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.  *See* 28 U.S.C. § 2253.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and thus Tapia may not proceed in forma pauperis for any such appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: New York, New York
      June 27, 2024                                    */s/ Kimba M. Wood*
                                                       KIMBA M. WOOD
                                                       United States District Judge